IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOE PARRINGTON                                                    PLAINTIFF

          v.               Civil No. 07-5089

UNUM PROVIDENT CORPORATION,
UNUM INSURANCE COMPANY OF AMERICA,
AND JOHN DOES 1 THRU 5                                           DEFENDANTS


**O R D E R**

NOW on this 26th day of August 2008 comes on for consideration Plaintiff Joe Parrington's **Motion for Reconsideration** (document #47) and **Motion to Remand for Lack of Subject Matter Jurisdiction** (document #52), and the respective responses thereto of Defendants Unum Provident Corporation and Unum Life Insurance Company of America (documents #50 and #58). The Court, being well and sufficiently advised, finds and orders as follows:

1. The history of this matter -- an understanding of which is necessary in considering Plaintiff's present motions -- is protracted and unlike the more "typical" ERISA case. It is, therefore, worthwhile to recite the same briefly.

\*   This action was originally brought by Plaintiff Joe Parrington ("Plaintiff") in state court seeking benefits under

his employer's, Tyson Foods, Inc. ("Tyson"), accidental death and dismemberment plan ("the Plan").[1]

* Defendants Unum Provident Corporation and Unum Life Insurance Company of America ("Defendants") subsequently removed the action to this Court on the basis of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

* On June 5, 2007, the Court issued a scheduling letter, informing the parties that, as an ERISA matter, this case would be decided on the stipulated administrative record and briefs filed by both parties.

* Plaintiff declined to stipulate to the administrative record produced by Defendants, asserting that there were additional documents that should be included in such record and that discovery would be necessary to identify those documents.

* Plaintiff then filed a Motion to Amend Complaint (document #8), in which he sought to amend his complaint to add claims for breach of fiduciary duty and equitable relief.

---

[1] The Court notes that this case involves two employee benefits plans, both of which were issued by Defendants – a group accidental death & dismemberment plan and a voluntary supplemental benefits plan. As used in this Order, "the Plan" refers to both of these policies.

Additionally, Plaintiff moved to open the administrative record to permit discovery.

* On December 21, 2007, the Court entered an Order (document #23) denying Plaintiff's motion to amend complaint to the extent that the motion sought to add additional claims against Defendants. The Court's Order also directed Plaintiff to file a motion for discovery within twenty (20) days of filing his amended complaint, setting forth with specificity the limited discovery Plaintiff seeks to conduct. In that Order the Court further stated that, after considering Plaintiff's motion for discovery, it would set forth a deadline by which discovery should be concluded -- if, in fact, such discovery was appropriate in this case.

* On January 2, 2008, Plaintiff filed his amended complaint as permitted by the Court's said Order of December 21, 2007. However, Plaintiff did not subsequently file a motion for discovery as directed by that Order. Instead, Plaintiff filed a notice of appeal (document #25) seeking review of the Court's December 21, 2007 Order.

* In view of Plaintiff's appellate effort, the Court issued an order on January 23, 2008, which addressed the matter of discovery. Specifically, the Court ordered that the deadline for Plaintiff to file his motion for discovery should be extended to

ten (10) days after the date of the ruling by the Court of Appeals on Plaintiff's appeal. The Court further stated in the January 23, 2008 Order that it would issue a revised briefing schedule for this matter following the ruling by the Court of Appeals.

* On March 12, 2008, the Court of Appeals denied Plaintiff's petition for rehearing *en banc* (document #41), thus disposing of his appeal.

* Notwithstanding the Court's Order of January 23, 2008, Plaintiff did not file a motion for discovery within ten (10) days after March 12, 2008 -- as directed by that Order.

* Consequently, on May 7, 2008 -- almost two months after the Court of Appeals' ruling -- this Court issued a revised ERISA briefing schedule for this matter (document #46) which does not provide for discovery. It is from this briefing schedule that Plaintiff seeks reconsideration.

* In addition, Plaintiff now seeks remand of the case to state court -- asserting that the Plan does not fall under the purview of ERISA and that subject matter jurisdiction is not proper with this Court.

2. The Court will first address Plaintiff's motion for reconsideration, in which he seeks to conduct discovery as follows:

* to establish Plaintiff's right to know, under ERISA, what written documents govern his rights;

* to determine the basis on which those who were directly involved in denial of Plaintiff's claim made that decision; and

* to determine Defendants' treatment of similarly situated claimants.

(a) Regarding the first two discovery requests, the Court notes that these very categories of documents form the administrative record now before the Court. That is, the issues on which Plaintiff seeks discovery are addressed in the record itself. For example, the reasoning for the denial of benefits clearly appears in the record. To the extent that the basis for Defendants' decision is lacking, this goes to the essence of this Court's review of Defendants' denial of benefits and that decision will turn on what is, or is not, in that record. Thus, the Court perceives no basis to conclude that discovery on these two requests is necessary.

(b) As to whether all the pertinent Plan documents are in the record, Plaintiff claims in his ERISA brief that documents regarding his voluntary supplemental benefits have not been provided by Defendants or Tyson -- despite repeated requests. See Doc. 48 at 2. This does not appear to be the case -- the Court notes that, in Defendants' response brief, the supplemental

benefits policy is attached as an exhibit. <u>See</u> Doc. 60-3. Thus, it appears that all Plan documents have been provided and are included in the administrative record now before the Court.

If Plaintiff nonetheless insists that he has not been provided all necessary *Plan documents* governing his benefits and rights -- under either the basic accidental death and dismemberment policy or voluntary supplemental benefits policy issued by Defendants -- he will be given ten (10) days from the date of this Order to point out to the Court precisely what Plan documents he has not yet received.

In that same ten (10) day time frame, Defendants are directed to provide to Plaintiff, if they have not already done so, <u>all</u> necessary *Plan documents* governing Plaintiff's benefits and rights -- under either the basic accidental death and dismemberment policy or voluntary supplemental benefits policy issued by Defendants. If it is Defendants' position that they have already done so, they shall so state to the Court in writing within that same ten (10) day time frame.

(c) Regarding the final category of proposed discovery, Plaintiff's request is so broad and lacking in specificity that the Court can only conclude that such discovery would lead to an inappropriate fishing expedition. Moreover, no good cause is offered as to why such broad discovery and a departure from the

administrative record are necessary.  See <u>Ravenscraft v. Hy-Vee Employment Benefit Plan & Trust</u>, 85 F.3d 398, 402 (8th Cir. 1996) (a district court may admit additional evidence in ERISA benefit-denial case, if Plaintiff shows good cause).  Thus, the Court will deny this request.

3. The Court believes that its Orders have been clear and that the deadlines imposed by them have been reasonable. Although given ample opportunity to file a timely motion for discovery; to argue the necessity for discovery; and to show good cause to re-open the administrative record, Plaintiff has failed to do so.  Nevertheless, judging from the record submitted and the briefs of the parties, the Court believes that the relevant Plan documents are before the Court; that the administrative record is complete; and that this matter is ready for consideration.  Thus, the Court will deny Plaintiff's motion for reconsideration which would allow him to conduct the discovery he seeks.

As previously stated in paragraph 2(b), above, however, both Plaintiff and Defendants are directed to further address the issue concerning Plan documents.

4. The Court will now address Plaintiff's motion to remand in which he argues that the Plan is not subject to ERISA jurisdiction because it was not "established or maintained by an

employer." 29 U.S.C. § 1002(1). Rather, Plaintiff says that the Plan falls under the "safe harbor," within which ERISA does not apply.

Defendants have responded in opposition to Plaintiff's motion, arguing that the Plan does not fall within the so-called ERISA safe harbor and that Tyson both established and maintained the Plan.

(a) ERISA "is a comprehensive statute that sets certain uniform standards and requirements for employee benefit plans." Arkansas Blue Cross & Blue Shield v. St. Mary's Hosp., Inc., 947 F.2d 1341, 1343 n. 1 (8th Cir. 1991). In determining whether ERISA applies in a particular case, the threshold jurisdictional inquiry is whether the benefits at issue arise out of a "plan." See Bannister v. Sorenson, 103 F.3d 632, 636 (8th Cir. 1996). ERISA defines a "plan" as "an employee welfare benefit plan." 29 U.S.C. § 1002(3). ERISA further defines an "employee welfare benefit plan," in pertinent part, as:

> any plan, fund, or program which ... is *established or maintained by an employer* or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ...

29 U.S.C. § 1002(1) (emphasis added).

(b) In determining whether an ERISA plan exists, a court must determine "whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." Johnston v. Paul Revere Life Ins. Co., 241 F.3d 623, 629 (8th Cir. 2001) (quoting Harris v. Arkansas Book Co., 794 F.2d 358, 360 (8th Cir. 1986)). "[N]o single action in itself necessarily constitutes the establishment of the plan." Johnston, 241 F.3d at 629 (quoting Harris, 794 F.2d at 360). However, an ERISA plan must embody a set of administrative practices. Id.; Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11-12, 107 S.Ct. 2211 (1987).

(c) Upon review of the facts of this case, it is evident that a reasonable person could conclude that Tyson established and maintained a plan, within the meaning of ERISA, which offered disability benefits to its employees. Tyson engaged in the ongoing administration of the Plan by assisting in the application process, by maintaining policy forms, by processing paperwork in conjunction with Defendants, and by facilitating the payment of premiums. See Johnston, 241 F.3d at 629-30. The Court, therefore, finds that the disability policies at issue were part of a "plan" within the meaning of ERISA.

(d) Further, the Court finds that the Plan does not fall within the ERISA "safe harbor." Under the safe harbor regulations promulgated by the Department of Labor, the term "employee welfare benefit plan" does not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which:

> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation [in] the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profits, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). "The requirement of employer neutrality is the key to the rationale for not treating such a program as an employee benefit plan, namely, *the absence of employer involvement*." 40 Fed. Reg. 34,526 (Aug. 15, 1975) (emphasis added).

In the instant case, Tyson was actively involved in negotiating the terms of the policies with Defendants to

determine the appropriate insurance coverage. Moreover, Tyson, as the policy holder, retained the right to cancel or terminate the policies. Tyson was, therefore, active in contracting with the insurer, designating the terms of the Plan, and maintaining the Plan. Clearly then, this is not a case where the sole functions of the employer with respect to the Plan -- without endorsing it -- were to permit Defendants to publicize the program to employees, to collect premiums through payroll deductions or dues checkoffs, and to remit them to the insurer. See 29 C.F.R. § 2510.3-1(j). Thus, this is not the sort of plan which falls under the ERISA safe harbor.

5. It follows from the foregoing that jurisdiction is proper in this case and Plaintiff's motion to remand should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's **Motion for Reconsideration** (document #47) should be, and it hereby is, **DENIED**. Plaintiff shall have ten (10) days from the date of this Order to submit a list of relevant Plan documents, if any there be, which govern Plaintiff's rights under the Plan and set forth pertinent terms and conditions, but which have not been provided to Plaintiff by either Tyson or Defendants. Defendants shall have ten (10) days from the date of this Order to provide to Plaintiff, if they have not already done so, all necessary Plan

documents governing Plaintiff's benefits and rights under the policies at issue.  If it is Defendants' position that they have already provided said Plan documents, they shall so state to the Court in writing within the same ten (10) day time frame.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand for Lack of Subject Matter Jurisdiction** (document #52) should be, and it hereby is, **DENIED**.  Accordingly, this case shall proceed as set forth in the Court's scheduling letter and the Court will next review the administrative record and the briefs of the parties.

**IT IS SO ORDERED.**

                                                **/s/ Jimm Larry Hendren**
                                                **JIMM LARRY HENDREN**
                                                **UNITED STATES DISTRICT JUDGE**